TEXTO COMPLETO DE LA RESOLUCION
Hechos
En octubre de 1997 el recurrente, Dr. Luis E. Landestoy, fue electo presidente de la Junta de Directores del Consejo de Titulares del Condominio Playa Dorada en Isla Verde, para el período de un año, a concluir en octubre de 1998. El 8 de julio de 1998, cuando todavía faltaban cuatro meses del año, el Dr. Landestoy presentó querella ante el Departamento de Asuntos del Consumidor (en adelante DACO) impugnando ciertas actuaciones de un grupo de titulares, quienes le habían solicitado la renuncia y estaban actuando como "la nueva Junta de Directores del Condominio Playa Dorada", querella núm. 100002885. 
En esa misma fecha de 8 de julio de 1998 DACO emitió resolución sumaria ordenando a los titulares, que actuaban como nueva Junta de Directores a que entregaran la administración del condominio a la Junta de Directores en funciones y electa por el Consejo de Titulares en octubre de 1997.
El 9 de julio de 1998 el Sr. Rubén Colón, Secretario de la "Junta de Directores electa en octubre de 1997" por el Consejo de Titulares y "Presidente de la nueva Junta de Directores", presentó ante DACO escrito de reconsideración, solicitando se dejase sin efecto la anterior resolución y se pautase vista administrativa, para dilucidar la controversia. En ese mismo día DACO emitió otra resolución dejando sin efecto el dictamen sumario del 8 de julio de 1998 y señaló vista administrativa para el 14 de julio de 1998.
El 14 de julio de 1998 fue celebrada la vista administrativa ante el Juez Administrativo Hon. Harry Smith. No obstante, al día siguiente éste se inhibió del caso, por tener una amistad cercana con los representantes legales de las partes. Por tal razón, el caso fue reasignado al Juez Administrativo Roberto Toro, para su disposición.
El 17 de julio de 1998 el Dr. Landestoy presentó otra querella ante DACO, querella núm. 100002959, esta vez impugnando la convocatoria para Asamblea Extraordinaria promovida por un grupo de titulares que representan más del veinte porciento (20%) de participación de los elementos comunes del Condominio, a celebrarse el 24 de julio de 1998, porque alegadamente era contraria a las disposiciones de la Sección 2.6 del Reglamento del Condominio Playa Dorada. El propósito de dicha asamblea, conforme expresa la convocatoria, sería sustituir los miembros de la Junta de Directores electos por un año en la asamblea del mes de octubre de 1997.
Ambas querellas presentadas por el Dr. Landestoy quedaron consolidadas para trámite. Mediante resolución del 17 de julio de 1998 DACO determinó dejar sin efecto la vista del 14 de julio de 1998 *715 (querella 100002885) debido a que problemas de audio no permitieron obtener el récord grabado de la misma y dispuso que la administración del Condominio Playa Dorada estaría a cargo de la Junta de Directores electa en octubre de 1997 por el Consejo de Titulares hasta que sea celebrada la Asamblea Extraordinaria convocada por el grupo de titulares con el veinte porciento (20%) o más de participación en los elementos comunes. Advirtió, no obstante, que citaría oportunamente a una vista administrativa para evaluar los méritos de la primera querella núm. 100002885.
La segunda querella, la número 100002959, fue desestimada por DACO, al entender que el querellante no cuenta con legitimación activa y porque la disposición del Reglamento del Condominio en que el Dr. Landestoy se ampara es ilegal, por ser contraria a la Ley de Propiedad Horizontal. Conforme a lo dispuesto en la resolución de DACO, se indica:

"[l]a parte querellante no tiene legitimación activa "standing" ante DACO para instar una reclamación en contra del grupo de titulares que convoca para asamblea para el 24 de julio de 1998.

Los Artículos 42 y 48 de la Ley de Propiedad Horizontal no reconocen jurisdicción a un titular para incoar una acción contra un grupo de titulares que representan el 20% o más de los porcentajes de participación en los elementos comunes para convocar a una reunión especial.

La disposición reglamentaria del Condominio citada es ilegal por contravenir los Artículos 37 y 38A de la citada ley que reconocen la legítima acción de un grupo representativo de por lo menos un 20% de participación en los elementos comunes para convocar a una reunión extraordinaria."

Inconforme, el recurrente acude ante nos vía la revisión del epígrafe. Sostiene que: 1) no puede ser destituido del cargo de Presidente sin justa causa; 2) D.A.C.O. debió celebrar una vista para determinar si existía justa causa para la destitución antes de ordenar la celebración de una asamblea; 3) tiene capacidad para impugnar la convocatoria para la asamblea extraordinaria; 4) el documento llamado CONVOCATORIA no debió admitirse en evidencia por ser tan sólo una fotocopia; 5) la sección 2.6 del Reglamento del Condominio no es ilegal ni contraria a las disposiciones de la Ley de Propiedad Horizontal; 6) la convocatoria es ilegal; 7) el Sr. Rubén Colón no tiene legitimación activa para llevar un pleito contra la Junta a la que pertenece.
Exposición y Análisis
En cuanto a la primera querella (núm. 100002885) es menester señalar que aunque DACO aparentemente aún no se ha expresado en forma final sobre la validez de la nueva Junta de Directores y sobre la validez del procedimiento de destitución del Dr. Landestoy, toda vez que en la misma resolución del 17 de julio de 1998, en que opta por reconocer como legítima la junta de directores electa por un año en octubre de 1997 y presidida por el Dr. Landestoy, también señaló que "oportunamente se citará a vista administrativa para evaluar los méritos del caso 100002885". Siendo ello así no debemos intervenir con los procedimientos administrativos relativos a esta querella consolidada hasta tanto éstos hayan concluido. Además, en nuestro ordenamiento jurídico prevalece el mandato legislativo que limita la jurisdicción de los tribunales a la revisión de órdenes finales de los organismos administrativos. Véase Puerto Rican Cement v. Junta de Planificación, 98 J.T.S. 95, a la pág. 1333 (Opinión de Conformidad del Juez Fuster Berlingeri a la que se une la Juez Naveira de Rodón). Por otro lado, el aquí recurrente, Dr. Landestoy, ha sido favorecido por el dictamen interlocutorio en la causa administrativa número 100002885, que interlocutoriamente le reconoce la presidencia y funciones de la Junta de Directores electa en octubre de 1997 por un año. Por tal razón, no podemos intervenir con los señalamientos levantados respecto a la querella número 100002885 ante DACO.
En relación a la segunda querella (número 100002959) se trata de la impugnación de la convocatoria hecha por un grupo de titulares que comprenden el 20% de participación en los elementos comunes. Argumenta el recurrente que dicha convocatoria es contraria a las disposiciones de la sección 2.6 del Reglamento del Condominio Playa Dorada. Al respecto DACO resolvió que la referida disposición es ilegal e inoperante por ser contraria a la Ley de Propiedad Horizontal.
La Sección 2.6 del Reglamento del Condominio Playa Dorada dispone:

*716
"Las reuniones especiales de los Titulares podrán convocarse, además, por un número de los Titulares cuyas unidades representen al menos el veinte (20) por ciento de los porcentajes de participación en los elementos comunes generales del complejo según asignados a las unidades en la escritura matriz. En cualquier momento, a petición escrita de cualquier persona o personas con derecho a convocar una reunión especial, corresponderá al Secretario el enviar la convocatoria para tal reunión, a celebrarse en algún lugar dentro de los Municipios de Carolina o San Juan, en el Estado Libre Asociado de Puerto Rico, y en la fecha que determine la Junta de Directores que no será menos de diez (10) días ni más de treinta (30) días después de recibir tal petición. Si dicha Junta de Directores no fijara el lugar y la fecha, la reunión se celebrará en el lugar y fecha fijados por el Secretario dentro de los límites arriba especificados."

El artículo 38-A de la Ley de Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958, según enmendada, 31 L.P.R.A., sec. 1293b-l, dispone:

"El Consejo de Titulares se reunirá por lo menos una vez al año para aprobar los presupuestos y cuentas, y en las demás ocasiones que convoque el Presidente o la quinta parte de los titulares o un número de éstos cuyos apartamientos representen al menos el veinte (20) por ciento de los porcentajes de participación en los elementos comunes.

La convocatoria estará firmada por la persona o personas que convoquen e indicará los asuntos a tratar y hora, día y lugar de la reunión. Las citaciones se harán por escrito, entregándose en el apartamiento perteneciente a cada titular o por medio de carta certificada dirigida a la dirección que a esos fines haya designado el titular que no resida en su apartamiento.

La citación para la reunión ordinaria anual, cuya fecha se fijará en el reglamento, se hará, cuando menos, con diez (10) días de antelación, y para las extraordinarias, con la que sea posible para que pueda llegar a conocimiento de todos los interesados.

El Consejo podrá reunirse válidamente aun sin convocatoria, siempre que concurran la totalidad de los titulares y así lo decidan.

No será necesaria la celebración de una reunión del Consejo de Titulares para determinado propósito si todos los titulares con derecho a votar en dicha reunión renunciaren a la referida reunión y consintieren por escrito a que se tome la acción propuesta."

Concluimos que DACO resolvió correctamente en cuanto a la segunda querella (número 100002959). El Reglamento es ultra vires en tanto y en cuanto dispone contrario a la Ley de Propiedad Horizontal.
Ningún Reglamento puede limitar los derechos conferidos por una ley. La ley tiene supremacía con relación a los reglamentos y si en la Ley de Propiedad Horizontal los titulares con el 20% o más de participación en los elementos comunes pueden convocar a una asamblea, disponiendo ellos la hora, fecha y lugar de la reunión, el Reglamento del condominio no puede conferir derechos inferiores a la referida disposición legal.
Las disposiciones del Reglamento dejarían a merced y conveniencia de la Junta de Directores la fecha y hora de la asamblea extraordinaria de referencia, cuando es sabido que dicho tipo de iniciativa pocas veces es de la simpatía de la Junta en funciones. Tal prerrogativa de selección (fecha y lugar) podría ser utilizada para establecer fecha y hora no conveniente, a fin de frustrar el intento de los titulares, etc. Tal disposición del Reglamento del condominio tiende a diluir peligrosamente un remedio importante que la Ley de Propiedad Horizontal provee a favor de un grupo de condómines (que cuenten con no menos del 20% de participación en los elementos comunes) para convocar a una asamblea extraordinaria. En tal sentido y conforme a los hechos que específicamente nutren esta causa, el Reglamento podría utilizarse para entorpecer esa vía de acceso a organismo de gobierno democrático del condominio que la ley otorga.
Dictamen
*717 Por los fundamentos antes señalados, entendemos que DACO resolvió en forma sustancialmente correcta y no debemos expedir. Regla 66 del Reglamento del T.C.A., 4 L.P.R.A. Ap. XXII(A).
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General